IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERRY PERSINGER,

    Petitioner,

v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-cv-2653
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has filed a motion for leave to proceed *in forma pauperis*, which motion (Doc. 1) is **GRANTED**.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. 2244(d).

I.  PROCEDURAL HISTORY

According to the Petition, Petitioner is challenging the sentence imposed upon him after he was convicted in 2009 in the Morrow County Court of Common Pleas on four counts of unlawful sexual conduct with a minor.  He asserts that his trial attorney failed to raise the issue of whether the four offenses were allied offenses of similar import and whether the sentences should all have been run concurrently (they were not

- Petitioner received an aggregate sentence of 20 years in prison, with only two of the sentences being run concurrently), and that his appellate attorney also failed to raise the issue on direct appeal.

According to state court records, including the Fifth District Court of Appeals' decision in *State v. Persinger*, 2009 WL 3674679 (Morrow Co. App. Nov. 3, 2009), *appeal dismissed* 124 Ohio St. 3d 1402 (Dec. 24, 2009), and a later decision of the same court on Petitioner's motion for reopening, which can be found at http:// www.supremecourt.ohio.gov/Clerk/ecms/resultsbycasenumber.asp?type=3&year=2015&number=0350&myPage=searchbypartyname.asp (accessed on September 10, 2015), this is how and when the state court proceedings occurred.

Petitioner was convicted in the Morrow County Common Pleas Court, after a jury trial, of four felony counts of unlawful sexual conduct with a minor.  He was sentenced on October 17, 2008 to six years' imprisonment on counts two, three, and four, and eight years on count one.  The last two sentences were run concurrently.  He appealed his conviction to the Fifth District Court of Appeals, raising three assignments of error, none of which related to his prison sentences (they raised issues about the allegedly duplicative nature of the indictment and about court costs).  That court overruled the assignments of error and affirmed the conviction and sentence in its November 3, 2009 opinion.  Petitioner appealed to the Ohio Supreme Court but failed to file a memorandum in support of jurisdiction, leading to the December 24, 2009 dismissal of his appeal.  The Ohio Supreme Court also denied a motion to reconsider that ruling.  *State v. Persinger*, 124 Ohio St. 3d 1437 (Jan. 26, 2010).

For the next four years, Petitioner filed no actions in either state or federal court relating to his conviction and sentence.  Then, on June 26, 2014, he filed an application for reopening with the Fifth District Court of Appeals, alleging ineffective assistance of appellate counsel.  He claimed that counsel should have argued that the trial court erred in failing to merge his sentences under Ohio Rev. Code §2941.25.  In a decision filed on July 18, 2014, the state court of appeals denied his application, holding both that it was untimely (Ohio Appellate Rule 26(B) requires a motion to reopen to be filed within ninety days of the court of appeals' judgment) and that there was no merit in his claims because the cases upon which he relied were decided after his conviction became final and the rule they announced was not retroactive.  Petitioner does not state, in his petition, that he appealed that decision to the Ohio Supreme Court, but that procedural failure is not relevant to the statute of limitations issue addressed in this Report and Recommendation.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court need not decide here whether any of the Ohio Supreme Court's decisions - which were not rulings on the merits but procedurally-based dismissals - affected the finality of Petitioner's conviction. Even if they did, the last Ohio Supreme Court decision rendered as part of the direct appeal process was issued in January, 2010. The statute of limitations therefore expired some time in 2011. Petitioner did not file this current habeas corpus action until, at the earliest, July 21, 2015, the date he signed the petition. Thus, the case was filed over four years too late.

Petitioner might argue that his more recent filing - the application to reopen - somehow revived the statute of limitations, and that he had one year from the date of the state court's decision in his case to file this petition. That is simply incorrect. " 'Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.' " *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), quoting

-4-

*Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998). The statute of limitations expired long before Petitioner filed his motion for reopening, so the filing of that motion did not trigger the running of a new one-year period.

This Court has reached the same conclusion in other cases involving a delayed application to reopen filed after the expiration of the federal statute of limitations. *See, e.g., Willis v. Brunsman*, 2012 WL 2564539, *3  (S.D. Ohio July 2, 2012)(holding that a "delayed application to reopen the appeal did not toll the running of the statute of limitations, because Petitioner filed this application after the statute of limitations had already expired"), *adopted and affirmed* 2012 WL 3962899 (S.D. Ohio Sept 11, 2012). Other courts agree.  *See, e.g., Yeager v. Wilson*, 2005 WL 2850123, *2 (N.D. Ohio Aug. 11, 2005) ("the filing of a Rule 26(B) application cannot revive an expired limitations period and begin it anew"), *adopted and affirmed* 2005 WL 2850235 (N.D. Ohio Oct. 31, 2005).

Petitioner has not addressed the issue of whether equitable tolling of the statute of limitations might apply here.  If he has such an argument, he may make it to the District Judge as part of any objections he might file to this Report and Recommendation. *Cf. Shelton v. United States*, __ F.3d __, 2015 WL 5131900 (6th Cir. Sept. 2, 2015).

### III.  RECOMMENDED DECISION

For these reasons, the Magistrate Judge **RECOMMENDS** the instant petition be **DISMISSED** as barred by the applicable statute of limitations.

### IV.  PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                        /s/ Terence P. Kemp
                                                        United States Magistrate Judge